UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| RONALD EMERY JONES, II, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:07-cv-922 |
| ) | |
| v. ) | Honorable Wendell A. Miles |
| ) | |
| MARY BERGHUIS et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

This is an action brought by a state prisoner, ostensibly pursuant to 22 U.S.C. § 611 *et seq.*, 4 U.S.C. § 101, 102, and 28 U.S.C. 1331.  On November 5, 2007, the Court issued an opinion and judgment (docket ##4, 5) dismissing Plaintiff's complaint with prejudice against all Defendants for failure to state a claim upon which relief may be granted.  This matter now is before the Court upon Plaintiff's "Objections on Judgment and Opinion Reports" (docket #6), which the Court construes as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

As the Sixth Circuit summarized in *GenCorp, Inc. v. Amer. Int'l Underwriters*, 178 F.3d 804, 833-34 (6th Cir. 1999), motions to alter or amend judgment under Rule 59(e) may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998), newly discovered evidence, *see id.*, an intervening change in controlling law, *Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School Dist. No. 1J v.*

*ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993), or to prevent manifest injustice. *Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 133 (6th Cir. 1990); *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. Plaintiff claims that the Court's decision rests on clear errors of law.

Plaintiff argues that the Court improperly considered the complaint as an action filed pursuant to 42 U.S.C. § 1983. Instead, he argues, he filed his action pursuant to 22 U.S.C. § 611 *et seq.* and 4 U.S.C. §§ 101, 102, and 28 U.S.C. § 1331.

Plaintiff is technically correct that he invoked 22 U.S.C. §§ 611 *et seq.*, 4 U.S.C. §§ 101 and 102 as the sources of his cause of action and 28 U.S.C. § 1331 as the basis for this Court's jurisdiction. The Court construed the complaint as an action seeking a remedy for the violation of a federal right under 42 U.S.C. § 1983 and determined that Plaintiff failed to state a claim.

Regardless of the Court's construction of the claim, Plaintiff's action fails to state a claim on which relief can be granted. Section 618(a) of Title 22, United States Code, creates criminal liability for violations of §§ 611-617, which require agents of foreign principals to register and report to the Attorney General. Section 618(c) subjects violators to removal under the Immigration and Nationality Act, 8 U.S.C. § 1221 *et seq*, and § 618(f) permits the Attorney General to enjoin foreign agency relationships that do not comply with the registration requirements of the statute. The statute, however, creates no private right of action for any citizen. *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress."). Moreover, as a factual matter, as the Court concluded in its November 5, 2007 opinion and judgment, Plaintiff fails to allege a violation of the statute, as he alleges no facts suggesting that any defendant is either a foreign agent or foreign

principal governed by the statute.

Similarly, Plaintiff alleges no violation of 4 U.S.C. §§ 101 or 102, both of which require an oath of office to be administered to state officers. Plaintiff has not and cannot allege facts supporting his tortured theory that the Defendants in the instant matter are not properly sworn within the meaning of 4 U.S.C. §§ 101 and 102 because they are not properly licensed BAR attorneys.

In sum, Plaintiff fails to demonstrate that he is entitled to relief for any of the reasons set forth in Rule 59(e). Therefore:

IT IS ORDERED that Plaintiff's "Objections on Judgment and Opinion Reports" (docket #6), construed as a motion to alter or amend judgment, is DENIED.


Dated: December 11, 2007                         /s/ Wendell A. Miles
                                                 Wendell A. Miles
                                                 Senior United States District Judge